UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY YIELDING, et al., | Case No. 2:26-cv-01807-DAD-CSK (PS) |
| Plaintiff, | |
| v. | ORDER, AND FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, et al., | |
| Defendant. | (ECF Nos. 1, 2) |

Pending before the Court is Plaintiffs Wesley Yielding, Charles R. Padilla, and Louie Lawrence Smith III's motion for a temporary restraining order ("TRO"). (ECF No 1.) Plaintiffs are appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.[1]

For the reasons that follow, the Court recommends DENYING Plaintiffs' motion for a TRO.

///

///

///

///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.     BACKGROUND

### A.     Factual Allegations

Plaintiffs allege they are lineal descendants of the federally documented 1935 Indian Reorganization Act ("IRA") electorate, Elizabeth Padilla line, which is tied to the original 240-acre Shingle Springs Rancheria. Writ at 2 (ECF No. 1). Plaintiffs allege they have "for decades," "repeatedly sought assistance, clarification, protection, and correction of their federal beneficiary and lineage records through administrative requests, congressional communications, agency correspondence, historical submissions, and related proceedings involving [Defendant] Bureau of Indian Affairs and [Defendant] United States Department of Interior." *Id*. at 3. Plaintiffs allege on April 17, 2026, Defendant Bureau of Indian Affairs ("BIA") issued a written response that acknowledged Plaintiffs' connection to the original Shingle Springs Rancheria. *Id*. However, Plaintiffs allege that Defendant BIA incorrectly found Plaintiffs descended exclusively through Elizabeth Padilla's son, Clarence E. Padilla, who had agreed to a 1966 plan for the distribution of assets of the El Dorado Tract, and thus, was terminated from the Elizabeth Padilla resident-voter electorate family line. *Id*. Instead, Plaintiffs allege they descend from the Manuel Wing Padilla line, which they claim is not impacted by the 1966 distribution plan and is a part of the remaining electorate associated with the Shingle Springs Rancheria. *Id*.

Plaintiffs additionally allege that they and "associated Elders," remain impacted as a result of "requests for federal intervention remaining unresolved." *Id*. at 8. Particularly, Plaintiffs allege "[a]t least two Elders required hospitalization," and that "[o]ne residence associated with [Plaintiffs] has deteriorated into unsafe living conditions while utility arrears continue escalating." *Id*.

### B.     Procedural Posture

Plaintiffs Wesley Yielding, Charles R. Padilla, and Louie Lawrence Smith III initiated this action on May 13, 2026 against Defendants United States of America, United States Department of the Interior, the BIA, and Doug Burgum, Secretary of the

Interior, in his official capacity, by filing an emergency petition for writ of mandamus and a motion for a TRO.[2] (ECF No 1.) Plaintiffs seek mandamus relief under the Snyder Act. Writ at 5. Also on May 13, 2026, Plaintiffs filed a request for judicial notice and a motion to proceed in forma pauperis. (ECF Nos 2, 3.)

On May 27, 2026, the Court issued a minute order after having become aware of a prior action involving Plaintiffs, *Yielding v. USA*, No. 2:25-cv-02643-TLN-CKD (PS) (E.D. Cal.), and ordered Plaintiffs to show cause in writing within seven (7) days of the order as to whether the current action is a related case and should be assigned to the prior district judge and magistrate judge. (ECF No. 5.) On June 1, 2026, Plaintiffs responded to the Court's order. (ECF No. 6.)

## II.   LEGAL STANDARDS

Plaintiffs move ex parte for a TRO pursuant to Federal Rules of Civil Procedure 65 against all Defendants. The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction, which requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

"A preliminary injunction is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22, 24 (citation omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## III.   DISCUSSION

Plaintiffs appear to move for a TRO under their APA and Snyder Act claims. *See*

---

[2] Plaintiffs filed a similar action in *Yielding v. USA*, 2:25-cv-02643-TLN-CKD (PS) (E.D. Cal.) (ECF No. 1), where Plaintiffs sought relief in the form of recognition that they are the successor IRA governing body of the Shingle Springs Rancheria. *Id*. Plaintiffs' action was dismissed with prejudice for failure to state a claim on December 10, 2025. (ECF No. 23.)

Writ at 10-11. Plaintiffs seek interim emergency humanitarian assistance; a status report detailing actions taken in response to Plaintiffs' Snyder Act requests; preservation of records, communications, and lineage files related to the 1935 IRA electorate, Elizabeth Padilla IRA electorate family line, the Clarence Padilla distribution proceedings, and Snyder Act requests; the Court to order Defendants to "conduct meaningful administrative reconciliation and review" of these records; and the Court to order Defendants from "relying exclusively" upon the 1966 Clarence Padilla distribution line as dispositive of Plaintiffs' beneficiary status pending reconciliation of the remaining IRA electorate family lines. Writ at 11-12. The Court therefore recommends denial of Plaintiffs' motion as procedurally deficient.

### A.      Plaintiffs' Request for Judicial Notice

Plaintiffs request the Court take judicial notice of eleven attachments to the writ of mandamus that they identify as public records, governmental records, administrative records, court filings, legislative communications, or "documents whose existence and authenticity are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned." (ECF No. 2 at 2.) Because the Court recommends denying Plaintiffs' TRO, the request for judicial notice is denied without prejudice as moot.

### B.      Compliance with the Federal Rules of Civil Procedure and Local Rules

Federal Rule of Civil Procedure 65(b)(1) permits the court to issue a TRO without notice to the adverse party only if (1) specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard; and (2) the movant certifies in writing efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This Court's Local Rules also set forth certain procedural mandates for a temporary restraining order to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant

4

legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not be given; (6) a proposed temporary restraining order and provision for bond; (7) a proposed order with blank for fixing time and date for a hearing; and (8) where a temporary restraining order is requested ex parte, the proposed order should also notify the affected parties of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. E.D. Cal. Local Rule 231(c).

Plaintiffs did not provide notice of their motion to Defendants. Plaintiffs' motion is procedurally deficient because they do not provide reasons why notice of their motion to Defendants should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B); E.D. Cal. Local Rule 231(c)(5); TRO. To issue a TRO without notice to Defendants as the adverse parties, Rule 65(b)(1) requires that specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard. "Courts turn to the facts to determine whether irreparable harm is likely." *Johnson v. California*, 2024 WL 4766206, at *3 (C.D. Cal. 2024). Plaintiffs' TRO documents do not make this required showing. The writ of mandamus alleges harm is "ongoing and escalating," and specifically notes the hospitalization of "at least two elders while federal intervention remained unresolved," and a "residence associated with [Plaintiffs] has deteriorated into unsafe living conditions while utility arrears continue escalating." Writ at 8,11. However, the Court notes Plaintiffs have been in contact with Defendant BIA through the submission of documents related to IRA lineage materials and the April 17, 2026 letter. See *id*. at 6. Therefore, Plaintiffs' allegations fail to show irreparable harm will result before the opposing parties may be heard to justify issuing a TRO without notice to Defendants. Courts regularly deny TROs for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an ex parte TRO");

5

*Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Seymour v. U.S. Dep't of Def.*, 2010 WL 3385994, at *1 (S.D. Cal. Aug. 26, 2010) (same); *Roman v. Nw. Tr. Servs., Inc.*, 2010 WL 3489962, at *1 (W.D. Wash. Aug. 31, 2010) (same).

Additionally, the TRO does not contain a brief of all relevant legal issues presented by the motion. *See* Writ. Plaintiffs' proposed TRO also does not contain a provision for a bond, or the required section for ex parte orders informing the affected parties of the right to apply to the Court for modification or dissolution on two days' notice. *See* Proposed Order Granting TRO (ECF No. 1-1 at 1-4). Plaintiffs' failure to comply with the Local Rules' requirements for TROs is also sufficient justification to deny the motion. *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *Nible v. Macomber*, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying TRO sought by pro se plaintiff as procedurally deficient). Plaintiffs have not complied with the requirements of Local Rule 231(c)(3), (5)-(6), and (8). Therefore, the Court recommends denying Plaintiffs' TRO.

## IV.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that Plaintiffs' request for judicial notice (ECF No. 2) be DENIED as moot.

Further, based upon the findings above, it is RECOMMENDED that Plaintiffs' motion for a TRO (ECF No. 1) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time

may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 1, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, yield.1807.26.tro