UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY YIELDING, et al.,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, et al.,<br>Defendants. | Case No. 2:26-cv-01807-DAD-CSK (PS)<br><br>FINDINGS & RECOMMENDATIONS<br>(ECF Nos. 1, 2, 3, 4) |

Plaintiffs Wesley Yielding, Louie Lawrence Smith, III, and Charles R. Padilla are representing themselves in this action and seek leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2, 3, 4.) For the reasons that follow, the Court recommends Plaintiffs' IFP application be denied, and the Complaint be dismissed without leave to amend.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,650.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiffs have made the required financial showing under 28 U.S.C. § 1915(a). *See* ECF Nos. 2, 3, 4. However, the Court recommends Plaintiffs' IFP applications be denied because the action is facially frivolous or without merit. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiffs' Complaint that this action is frivolous or is without merit as discussed in more detail below, the Court recommends Plaintiffs' IFP motions be denied.

/ / /

## II. SCREENING REQUIREMENT

Even if the Court were to grant Plaintiffs' IFP applications, the Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80

F.3d 336, 339 (9th Cir. 1996).

**III. THE COMPLAINT**

On May 13, 2026, Plaintiffs filed the instant complaint for a writ of mandamus against Defendants United States of America, U.S. Department of Interior, Bureau of Indian Affairs, and Doug Burgum, in his official capacity. Plaintiffs allege they are lineal descendants of the federally documented 1935 Indian Reorganization Act ("IRA") electorate, Elizabeth Padilla line, which is tied to the original 240-acre Shingle Springs Rancheria. Compl. at 2 ("*Yielding II*") (ECF No. 1). Plaintiffs Yielding, Padilla, and Smith filed a similar action on September 15, 2025 in *Yielding, et al. v. USA*, No. 2:25-cv-02643-TLN-CKD (PS) (E.D. Cal.) ("*Yielding I*") (ECF No. 1), where Plaintiffs sought relief in the form of recognition that they are the successor IRA governing body of the Shingle Springs Rancheria. *Id*. Plaintiffs' action was dismissed without prejudice for failure to state a claim on December 10, 2025. (*Yielding I*, ECF No. 23.)

In *Yielding II*, Plaintiffs allege they have "for decades," "repeatedly sought assistance, clarification, protection, and correction of their federal beneficiary and lineage records through administrative requests, congressional communications, agency correspondence, historical submissions, and related proceedings involving [Defendant] Bureau of Indian Affairs and [Defendant] United States Department of Interior." *Yielding II* Compl. at 3. Plaintiffs allege on April 17, 2026, Defendant Bureau of Indian Affairs ("BIA") issued a written response that acknowledged Plaintiffs' connection to the original Shingle Springs Rancheria. *Id*. However, Plaintiffs allege that Defendant BIA incorrectly found Plaintiffs descended exclusively through Elizabeth Padilla's son, Clarence E. Padilla, who had agreed to a 1966 plan for the distribution of assets of the El Dorado Tract, and thus, was terminated from the Elizabeth Padilla resident-voter electorate family line. *Id*. Instead, Plaintiffs allege they descend from the Manuel Wing Padilla line, which they claim is not impacted by the 1966 distribution plan and is a part of the remaining electorate associated with the Shingle Springs Rancheria. *Id*.

Plaintiffs additionally allege that they and "associated Elders," remain impacted as

a result of "requests for federal intervention remaining unresolved." *Id*. at 8. Particularly, Plaintiffs allege "[a]t least two Elders required hospitalization," and that "[o]ne residence associated with [Plaintiffs] has deteriorated into unsafe living conditions while utility arrears continue escalating." *Id*.

**A. Federal Rule of Civil Procedure 8**

Plaintiffs fail to plead whether they have exhausted administrative remedies before seeking mandamus relief. "A writ of mandamus is proper for the purpose of 'compel[ling] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Areys v. Mayorkas*, 2024 WL 5320191, at *2 (S.D. Cal. Dec. 11, 2024) (quoting 28 U.S.C. § 1361). "Plaintiff[s] must show that (1) [their] 'claim[s] [are] clear and certain; (2) the official's duty is non-discretionary, ministerial, and so plainly described as to be free from doubt; and (3) no other adequate remedy is available.'" *Id*. (quotations omitted). "Accordingly, '[t]he common-law writ of mandamus… is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief…" *Pacific Surgical Institute of Pain Management, Inc. v. Kennedy*, 779 F. Supp. 3d 1148, 1156 (S.D. Cal. 2025) (quoting *Heckler v. Ringer*, 446 U.S. 602, 616 (1984)).

Plaintiffs have failed to allege whether they have exhausted administrative remedies pursuant to BIA regulations before moving to compel an agency official to take action. *See* 25 C.F.R. § 2.600. An individual may compel a decision-maker at the BIA take action by filing an appeal with the next official in the decision-maker's chain of command. 25 C.F.R. § 2.600(b). However, before appealing, Plaintiffs must: (1) send a written request to the decision-maker, which (2) identifies the statute, regulation, or other authority requiring the decision-maker to act, (3) describes an interest held by plaintiffs that has been adversely affected by the decision-maker's inaction, and (4) states that an appeal will be made unless the decision-maker takes action pursuant to Plaintiffs' request or the decision-maker establishes an alternative date by which a decision will be made. 25 C.F.R. § 2.600(b). Once received, the decision-maker has 15 days to issue a written response. 25 C.F.R. § 2.601. If the decision-maker does not respond within the

requested timeline, then Plaintiffs may appeal up the chain of command. 25 C.F.R. § 2.602. The BIA chain of command begins with (1) a Local Bureau Official; (2) the Regional Director; (3) the Director, Bureau of Indian Affairs; and (4) the Assistant Secretary, Indian Affairs. 25 C.F.R. § 2.601(a).

Here, Plaintiffs appear to allege that the correspondence that gave rise to this action was a letter sent on April 17, 2026 from Ryan Hunter, Acting Regional Director of the BIA Pacific Regional Office. *See* Compl. at 46-47. While Plaintiffs allege that they have communicated with Defendant Burgum, had "direct BIA correspondence," and communicated with a Senate Committee regarding their concerns, the Complaint fails to state whether Plaintiffs have complied with BIA regulations by appealing to the Director of BIA and the Assistant Secretary of Indian Affairs. Compl. at 6-7.

Instead, Plaintiffs allege that exhaustion is futile. *Id*. at 8. Plaintiffs allege the BIA continues to rely on erroneous assumptions concerning their IRA electorate family and that they have "exhausted all practical remedies." *Id*. at 7-8. The Court does not find these arguments well-taken. "The BIA's process for appealing from a BIA decision and from agency inaction is not unreasonable." *Allen v. U.S*., 817 F. Supp. 2d 982, 993 (N.D. Cal. 2012). It is not apparent from the Complaint that Plaintiffs have followed the BIA regulations requiring written notice to a decision-maker and then appealing up the BIA chain of command before commencing this action. *See* Compl. Thus, the Court dismisses Plaintiffs' mandamus claim for failure to plead exhaustion. *See Mdewakanton Band of Sioux in Minn. v. Bernhardt*, 464 F. Supp. 3d 316, 322-23 (D. D.C. 2020) (dismissing a writ of mandamus relief for failure to allege exhaustion of United States Department of Interior regulations).

**B. Leave to Amend**

The Complaint does not present a cogent, non-frivolous claim. In light of the Complaint's failure to plead exhaustion, it appears granting leave to amend would be futile. In considering whether leave to amend should be granted, the Court also considers that this is not the first complaint Plaintiffs have filed in this district court raising

similar allegations that was dismissed without prejudice for failure to state a claim. *See Yielding I*, No. 2:25-cv-02643-TLN-CKD (PS) (E.D. Cal.) (ECF No. 23) (order dismissing complaint without prejudice for failure to state a claim). The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## IV. CONCLUSION

Based on the findings above, it is RECOMMENDED that:

1. Plaintiffs' motions to proceed in forma pauperis (ECF No. 2, 3, 4) are DENIED;
2. Plaintiffs' Complaint for a writ of mandamus (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, yield.1807.26.screen