UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY YIELDING, et al.,<br>Plaintiffs,<br>v.<br>UNITES STATES OF AMERICA, et al.,<br>Defendants. | Case No. 2:26-cv-01807-DAD-CSK (PS)<br><br>ORDER ADOPTING BOTH FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER, DENYING PLAINTIFFS' MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DISMISSING PLAINTIFF'S COMPLAINT FOR WRIT OF MANDAMUS WITHOUT LEAVE TO AMEND<br><br>(Doc. Nos. 1, 3, 7, 13) |

Plaintiffs initiated this civil action by filing a complaint and emergency petition for writ of mandamus and a motion for a temporary restraining order on May 13, 2026, and proceed *pro se*. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21).

On July 1, 2026, the assigned magistrate judge issued findings and recommendations recommending that plaintiffs' motion for a temporary restraining order by denied as procedurally deficient, failing to make the required showing of irreparable harm, and as otherwise failing to make the showing required for the granting of the requested preliminary relief. (Doc. No. 7 at 5–6.) Those findings and recommendations were served on plaintiffs and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id*. at 6.) On July 7, 2026, plaintiffs filed objections to the findings and recommendations. (Doc. No. 8.) Those

objections, however, provide no legitimate basis upon which to reject the July 1, 2026, findings and recommendations.

Next, on September 14, 2026, the assigned magistrate judge screened plaintiffs' complaint and petition for a writ of mandamus and determined it to be deficient because it reflected an implicit concession that plaintiffs had failed to exhaust their administrative remedies as required and their contention that such exhaustion would be futile was not well-taken. (Doc. No. 13 at 5–6.) In addition, the magistrate judge found that the granting of leave to amend would be futile in light of the nature of the pleading deficiencies and the fact that plaintiffs had previously filed actions in this court based upon similar allegations that had been dismissed for failure to state a cognizable claim. (*Id*. at 6–7.) Finally, the magistrate judge concluded that because it appeared from the face of their complaint that plaintiffs' action was without merit and should be dismissed, their motion to proceed *in forma pauperis* (Doc. No. 3), should also be denied. (Doc. No. 13 at 2.) Those findings and recommendations were also served on plaintiffs and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id*. at 7.) Plaintiffs have not filed any objections to the September 14, 2026 findings and recommendations and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court concludes that both the July 1, 2026 findings and recommendations and the September 14, 2026 findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued July 1, 2026 (Doc. No. 7) are ADOPTED IN FULL;
2. Plaintiffs' motion for a temporary restraining order (Doc. No. 1) is DENIED;
3. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 3) is DENIED;
4. The findings and recommendations issued September 14, 2026 (Doc. No. 13) are ADOPTED IN FULL;

/////

5. Plaintiff's complaint and petition for a writ of mandamus is dismissed without leave to amend; and
6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 22, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE